UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH JAMES CASTELLANO

      V.                          CASE NO. 3:10CV794 (SRU)(WIG)

PETER J. MURPHY, ET AL.

**RULING ON PENDING MOTIONS**

Pending before the court are motions for appointment of counsel, to file exhibits, for court order, for extension of time and for a physical examination filed by the plaintiff. For the reasons set forth below, the motions are denied.

**I.    Motion for Appointment of Counsel [doc. # 14]**

The plaintiff is seeking an appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff asserts that he contacted eight attorneys in 2009 seeking legal representation, but no attorney has agreed to accept his case. The court concludes that the plaintiff has not made sufficient recent attempts to find counsel on his own. In addition, the plaintiff does not indicate that he has contacted the Inmates' Legal Assistance Program which is available to answer questions about discovery issues, research legal issues and draft motions and memoranda. Accordingly, the motion for appointment of counsel is denied without prejudice.

**II.   Motion to File Exhibits [doc. # 15]**

The plaintiff seeks to file exhibits to show that he exhausted his administrative remedies prior to filing this lawsuit.  The plaintiff cites to Rule 10(c) of the Federal Rules of Civil Procedure in support of his motion.  That rule does not require the plaintiff to file exhibits.  The motion is denied. To the extent that the defendants have or will raise an argument that the plaintiff has not exhausted his administrative remedies, the plaintiff may submit these exhibits in response to such an argument.

**III. Motion for Extension of Time and Court Order [doc. # 21]**

The plaintiff requests the court to alert the warden at Garner Correctional Institution that he has made requests for copies of his recent medical records, examinations and blood tests in response to the defendants' motion for summary judgment. He also notifies the warden that to obstruct his access to these documents would violate his Fourteenth Amendment rights as well as state criminal statutes.

The plaintiff does not assert that the warden has denied or interfered with his access to medical records or test results. Instead, he simply asks the court to make the warden aware of his requests for copies of documents from his medical file.  The filing of this motion has put the warden on notice, to the extent that he was not already on notice, of the fact that the plaintiff has submitted requests for copies of his documents from his

medical file. Furthermore, the plaintiff has filed a memorandum in opposition to the motion for summary judgment and has submitted documents from his medical file as exhibits to that memorandum. Accordingly, the plaintiff's motion is denied as moot.

Although a request for extension of time is included in the title of the motion, the plaintiff makes no further reference to this request in the body of the motion. Thus, the motion for extension of time is denied as moot.

### IV.    Motion for Physical Examination [doc. # 24]

The plaintiff seeks a court order that he undergo a physical examination by an independent medical organization pursuant to Rule 35 of the Federal Rules of Civil Procedure. The plaintiff claims that he will need an independent assessment of the injuries he suffered as a result of the alleged August 2008 assault and overdose of medications, if these claims proceed to trial.

Both the plaintiff and defendants have moved for summary judgment. Accordingly, the plaintiff's request for a physical examination for purposes of trial is premature. The motion is denied without prejudice to renewal after the court has ruled on the motions for summary judgment.

### Conclusion

The Motion for Appointment of Counsel [**doc. # 14**] is **DENIED**

without prejudice.  Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to secure the assistance or representation of counsel and the reasons why assistance or representation was unavailable.  The Motion to File Exhibits [**doc. # 15**] is **DENIED.  The Clerk is directed to send copies of the exhibits attached to the motion back to the plaintiff**.  The Motion for Extension of Time and Court Order [**doc. # 21**] is **DENIED** as moot. to the extent that it seeks an extension of time.  The Motion for Physical Examination **[doc. # 24**] is **DENIED** without prejudice to renewal after the court has ruled on the motions for summary judgment.

    SO ORDERED at Bridgeport, Connecticut, this ___2nd___ day of September, 2011.

                               ___/s/ *William I. Garfinkel*___
                                William I. Garfinkel
                              United States Magistrate Judge