UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH JAMES CASTELLANO

    V.                                                    CASE NO. 3:10CV794 (SRU)(WIG)

PETER J. MURPHY, ET AL.

## RULING ON PENDING MOTIONS

      Pending before the court are motions for appointment of counsel and to file affidavits. For the reasons set forth below, the motions are denied.

**I.**     **Motion for Appointment of Counsel [Doc. No. 28]**

      The plaintiff is seeking an appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

      The plaintiff asserts that he contacted twelve attorneys from 2009 to 2011 seeking legal representation, but no attorney has agreed to accept his case. Attached to his motion are two letters from attorneys declining representation in 2009 and one attorney declining representation in 2011. The plaintiff also attaches a letter from the Inmates' Legal Assistance Program declining to assist the plaintiff due to a conflict of interest.

      In a prior ruling denying the plaintiff's motion for counsel, the court noted that the plaintiff had not made any recent attempts to find counsel. The plaintiff has made only two recent attempts to secure the assistance of counsel. The court concludes that these attempts are insufficient to demonstrate that the plaintiff is unable to find counsel on his own. Accordingly,

the motion for appointment of counsel is denied without prejudice.

II.     Motions to File Affidavits [Docs. Nos. 32 and 35]

The plaintiff seeks to file affidavits to further support his claims against the defendants. He claims that the contents of the affidavits include constitutional law. The plaintiff already filed an affidavit on March 29, 2012. *See* (Doc. No. 29.)

Rule 56(c)(4), Fed. R. Civ. P., states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The documents that the plaintiff seeks to file are not affidavits or declarations. They are not sworn or subscribed as true under penalty of perjury. Furthermore, they do not show that the plaintiff is competent to testify about the information in the affidavits.

In addition to the fact that the information that the plaintiff seeks to submit is not in the form of an affidavit or declaration, the plaintiff has not explained how any of the information supports his own motion for summary judgment or his opposition to the defendants' motion for summary judgment. The plaintiff's medical records that are attached to the motions to file affidavits have already been submitted by defendants and the plaintiff in support of their motions for summary judgment. The court will consider those records when ruling on the motions for summary judgment. Accordingly, the motions to submit affidavits are denied.

## Conclusion

The Motion for Appointment of Counsel [**Doc. No. 28**] is **DENIED** without prejudice. Any renewal of this motion shall be accompanied by a summary of the plaintiff's recent attempts to secure the assistance or representation of counsel and the reasons why assistance or representation was unavailable. The Motions to File Affidavits [**Docs. Nos. 32 and 35**] are

**DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 7th day of September 2012.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge