UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH JAMES CASTELLANO

      v.                                                    Case No. 3:10cv794 (SRU)

WARDEN PETER J. MURPHY, ET AL.

**RULING ON MOTIONS FOR INJUNCTIVE RELIEF**

      In May 2012, the plaintiff filed two motions seeking injunctive relief. In the first motion, the plaintiff complained that he was suffering from debilitating back pain. In the second motion, the plaintiff complained that pain in his back and neck had gotten worse and was also suffering from pain in his left knee and right elbow. He claims that he needs to be seen by a specialist.

      In this Circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000).

      "The party requesting permanent injunctive relief must demonstrate (1) irreparable harm . . . and (2) actual success on the merits." *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2012) (citation omitted). Thus, the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that a plaintiff must show actual success on the merits for permanent injunctive relief rather than a likelihood of success on the merits for preliminary injunctive relief. *See Amoco Prod. Co. v. Vill. Of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987).

      At this stage of the case, the court construes the motions as seeking permanent injunctive

relief. In a ruling to be issued today, the court is granting summary judgment for the defendants on the claims in the complaint. Thus, the plaintiff has failed to show actual success on the merits. Furthermore, the plaintiff does not allege that he will suffer irreparable harm if the requested relief is not granted. To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).

The plaintiff has been confined within the Department of Correction since 1992, and is currently incarcerated at Garner Correctional Institution. He alleges that he was wounded in the lower back during the Vietnam war. The plaintiff has developed osteoarthritis in his joints during his incarceration.

At the end of April 2012, it became difficult for the plaintiff to stand and walk due to the pain in his back. Dr. Valletta examined the plaintiff in early June 2012 due to the plaintiff's complaints of back, neck and elbow pain. Dr. Valletta prescribed a more powerful pain medication and doubled the dosage of that medication. The plaintiff concedes that this treatment alleviated his pain symptoms. (*See* Reply to Resp. to Mots. Injunctive Relief, Doc. No. 34.) Thus, the plaintiff has not demonstrated that he will suffer imminent harm if his request for relief is not granted.

## Conclusion

Accordingly, for the reasons set forth above, the Motions for Injunctive Relief and Temporary Restraining Order [**Docs. Nos. 30, 31**] are **DENIED**.

SO ORDERED at Bridgeport, Connecticut this 21st day of September 2012.

       /s/ Stefan R. Underhill
       Stefan R. Underhill
       United States District Judge